## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BARBARA WEBER, et vir.           *
                                 *
                                 *
        v.                       *        CIVIL NO. JFM-00-1397
                                 *
                                 *
GENERAL MOTORS CORPORATION,      *
et al.                           *

### MEMORANDUM OPINION

On December 3, 1999, Barbara and Charles Weber filed a complaint in the Circuit Court

for Baltimore City alleging negligence, breach of implied warranties, strict liability, and loss of

consortium in connection with an automobile accident. General Motors Corporation and Team

Chevrolet were named as co-defendants. General Motors removed the case to this court on May

12, 2000, and Team Chevrolet filed a motion to dismiss for lack of jurisdiction, improper venue,

and insufficiency of service of process on May 26, 2000. The motion will be denied.

I.

On December 4, 1996, Barbara Weber was driving a 1985 Chevrolet Cavalier owned by

her employer, the Maryland Department of Health and Mental Hygiene. Weber had stopped to

make a left-hand turn when her Cavalier was struck from behind by another car. Due to the

impact, the Cavalier's seat back collapsed, propelling Weber into the rear passenger

compartment and causing her to lose control of the car. As a result, the Cavalier was struck by

another vehicle and Weber sustained serious injuries.

-1-

239b01e15f2fe858

Weber and her husband filed suit on December 3, 1999, against the General Motors Corporation, as the manufacturer, and Team Chevrolet, as the party that sold the car to the Department of Health and Mental Hygiene. Team Chevrolet was formed as a Maryland stock corporation on December 21, 1984, with its principal place of business at 1230 Belair Road in Bel Air, Maryland. Team Chevrolet liquidated its assets in 1990, and forfeited its charter on October 5, 1992.

On March 21, 2000, Donald C. Mealey was served with process as an officer of Team Chevrolet in his home state of Florida. From 1984 through 1992, Mealey served as an officer, director, and shareholder of Team Chevrolet. Upon forfeiture of the corporate charter, Mealey became a director-trustee pursuant to Maryland law. Despite his participation with Team Chevrolet, Mealy has been a resident of Florida since 1974, and alleges that he has had virtually no contact with Maryland since 1992.

Team Chevrolet contends that the Court lacks personal jurisdiction over Mealey because he is protected from long-arm jurisdiction by the "fiduciary shield" doctrine. Furthermore, Team Chevrolet asserts that, even if this doctrine is inapplicable, due process considerations preclude the Court from asserting jurisdiction over Mealey as a non-resident with virtually no Maryland contacts. Plaintiffs, on the other hand, contend that Mealey's legal status as a director-trustee does not require the Court to exercise personal jurisdiction him as an individual.[1]

---

[1]Plaintiffs also argue that, assuming that Mealey must have had sufficient contacts with Maryland to subject him individually to personal jurisdiction here, he has had such contacts. I need not decide that question.

II.

When a Maryland corporation forfeits its charter, "the directors of the corporation

become the trustees of its assets for purposes of liquidation." Md. Code Ann. Corps. & Ass'ns. §

3-515(a) (1999).  Maryland law vests the director-trustees with authority to distribute the

corporation's assets by discharging existing debts and corporate obligations. Id. § 3-517(b).  In

addition, the director-trustees may "[s]ue or be sued in their own names as trustees or in the name

of the corporation."  Id. § 3-515(c)(3).  Maryland courts are authorized by statute to exercise

personal jurisdiction over Maryland corporations.  Md. Code Ann. Cts. & Judicial Proceedings §

6-102(a)(1998 & 1999 Supp.)(extending personal jurisdiction "to any cause of action over a

person . . . organized under the laws of, or who maintains his principal place of business" in

Maryland).  If personal jurisdiction is authorized by Maryland law, a defendant "may be served

with process where he is found, whether within or outside of the State." Id. § 6-304.

I am satisfied that these provisions provide Maryland courts with personal jurisdiction

over director-trustees of corporations that have forfeited their charters.  The "forfeited"

corporation may cease to be a valid legal entity, see, e.g., FDIC v. Heidrick, 812 F. Supp. 586,

592 (D. Md. 1991), aff'd sub nom., FDIC v. American Cas. Co., 995 F.2d 471 (4th Cir. 1993),

but section 3-515 makes clear that whatever remains of the corporation is subject to Maryland

jurisdiction by way of the director-trustees.  Specifically, the statute provides that the director-

trustees may "be sued . . . in the name of the corporation," a provision that undeniably designates

director-trustees as the legal continuation of the defunct corporation.  When a plaintiff brings suit

against a director-trustee in the name of the corporation, the director-trustee faces no personal

liability and is liable only in his capacity as trustee of the corporation's assets.  See Md. Code

-3-

Ann. Corps. & Ass'ns. § 3-515(b)-(c). In other words, the director-trustees simply stand in the shoes of the corporation and retain a type of corporate liability protection pursuant to section 3-515.

A Maryland court asserting jurisdiction, therefore, need not have personal jurisdiction over the director-trustee in his individual capacity. Instead, the court must only have personal jurisdiction over the director-trustee in his capacity as the legal continuation of the defunct corporation.[2] Because Maryland corporations are always subject to personal jurisdiction within the State, it follows that the director-trustees are as well.

Here, the parties agree that Team Chevrolet was a Maryland corporation organized under the laws of Maryland with its principal place of business in the State. The parties also agree that Mealey is a director-trustee of Team Chevrolet pursuant to section 3-515. Because Team Chevrolet would have been subject to the personal jurisdiction of Maryland courts were it not

---

[2]This conclusion also draws support from corporate successor law. Under the theory of successor liability, "a non-resident corporation not otherwise subject to personal jurisdiction in the forum state becomes so by virtue of its succeeding to a corporation that was subject to personal jurisdiction in the forum state." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997); see City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 454-55 (4th Cir. 1990); Maryland Nat'l Bank v. Shaffer Stores Co., 240 F. Supp. 777, 780 (D. Md. 1965). Put differently, the actions of a predecessor may be imputed to its successor when the forum's law would hold the successor liable for the predecessor's actions. See City of Richmond, 918 F.2d at 454. In Maryland, successors accept the obligations of the predecessor when there is an agreement to do so, or when the successor is a mere continuation of the predecessor. See Nissen Corp. v. Miller, 323 Md. 613, 617, 632, 594 A.2d 564 (1991). Because the director-trustees act as a type of successorship to the forfeited corporation under section 3-515 and expressly accept its obligations, they become subject to personal jurisdiction in Maryland based on the State-based contacts of the defunct corporation.

defunct[3], its director-trustees, including Mealey, are subject to this Court's jurisdiction under section 6-102. It follows that Mealey was also properly served with process in Florida under section 6-304.

III.

The assertion of personal jurisdiction in this case does not violate due process. "The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants . . . . [and] a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant." Kulko v. Superior Court of Calif., 436 U.S. 84, 91 (1978); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985); Allen v. Allen, 105 Md. App. 359, 366, 659 A.2d 411 (1995). In this case, Mealey is not a named defendant and is not subject to a personal judgment.[4] The "fiduciary shield" doctrine, upon which Mealey relies, is simply inapplicable since Plaintiffs ask the Court to assert personal jurisdiction over Team Chevrolet, by way of Mealey as director-trustee, rather than against

---

[3]Ironically, if Team Chevrolet were an existing corporation, this case may be subject to remand due to an absence of "complete" diversity between Team Chevrolet and Plaintiffs. See Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267 (1806). Director-trustees, however, qualify as citizens of their home states for the purpose of determining diversity jurisdiction. See American Nat'l Bank of Jacksonville v. Jennings Dev., Inc., 432 F. Supp. 151, 152 (M.D. Fla. 1977); see also Garbutt v. Southern Clays, Inc., 844 F. Supp. 1551, 1552 (M.D. Ga. 1994).

[4]Team Chevrolet asserts that Plaintiffs are "unlikely to obtain any relief" in a suit against Mealy, as director-trustee, because Team Chevrolet has no assets. However, as Plaintiffs point out, the central question is whether Team Chevrolet's insurance coverage – which is surely an asset – may be triggered. See Pl.'s Opp'n at 9 n.1.

Mealy in his individual capacity. See Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1199 (4th Cir. 1989).

As to the suit against Mealey in his representative capacity, the assertion of personal jurisdiction over the director-trustees of defunct corporations self-evidently comports with "traditional notions of fair play and substantial justice." See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Maryland has a manifest interest both in adjudicating disputes between its residents and corporate entities, and in regulating the activities of forfeited corporations. See Burger King, 471 U.S. at 477; Rollins Envtl. Servs. (FS) Inc. v. Wright, 738 F. Supp. 150, 1554 (D. Del. 1990). Resident corporations and their director-trustees themselves benefit from the protections provided by Maryland law and the State's courts. See Hanson v. Denckla, 357 U.S. 235, 253 (1958); Rollins, 738 F. Supp. at 153-54. Indeed, Maryland law grants director-trustees with authority to distribute corporate assets, carry out corporate contracts, and bring suit in the name of the corporation. Md. Code Ann. Corps. & Ass'ns § 3-515. Moreover, the existence of section 3-515 provides fair notice to corporate directors that they will be subject to suit in the name of the corporation as director-trustees upon forfeit of the charter. See Burger King, 471 U.S. at 472.

For these reasons, the Court will deny Team Chevrolet's motion to dismiss.

August / 7 , 2000

J. Frederick Motz
United States District Judge