IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA WEBER, ET AL.         *
                              *
v.                            *   Civil No. JFM-00-1397
                              *
GENERAL MOTORS CORPORATION,   *
ET AL.                        *
                          *****

MEMORANDUM

This is a products liability action initially brought against General Motors Corporation and Team Chevrolet in the Circuit Court for Baltimore City. Team Chevrolet once was a Maryland corporation whose charter was forfeited in 1992. Donald C. Mealey, a resident of Florida, was a director of Team Chevrolet and became a trustee of its assets at the time of the forfeiture of its charter. Plaintiffs brought suit against him (and another surviving director-trustee) in the name of the corporation. General Motors duly filed a timely notice of removal to this court, invoking its diversity jurisdiction.[1] Mealey then filed a motion to dismiss for lack of personal jurisdiction. I denied the motion in a memorandum opinion issued on August 17, 2000. Plaintiff has now filed a motion to remand the case to the Circuit Court for Baltimore City.

Plaintiffs are citizens of Maryland. General Motors is not a citizen of Maryland. Therefore, the question presented by the motion to remand is whether for purposes of determining this court's subject matter jurisdiction Mealey's Florida citizenship should be deemed to govern. Although the question is not free from doubt, I hold that Mealey should be

---

[1] In its notice of removal General Motors averred that to the best of its knowledge, information, and belief, all of the directors of Team Chevrolet at the time of the forfeiture of its charter are citizens of Florida. Plaintiffs have not disputed the accuracy of this averment.

considered to be only a nominal or formal party to the suit and that Team Chevrolet's prior status as a Maryland corporation defeats diversity. This holding is grounded both in principle and pragmatism: the former because there is no risk of local prejudice against Mealey/Team Chevrolet, see, e.g., Bishop v. Hendricks, 495 F.2d 289, 292 & n.14 (4th Cir. 1974), the latter because there is no reason to create the risk that this case is litigated in a forum that might ultimately be held to be without the power to adjudicate it. Cf. Harry & Jeanette Weinberg Found. Inc. v. ANB Inv. Mgmt. & Trust Co., 966 F. Supp. 389 (D. Md. 1997); Joseph M. Coleman & Assocs. Ltd. v. Colonial Metals, 887 F. Supp. 2d 116, 120 (D. Md.1995).

Diverse parties "must be real and substantial parties to the controversy. . . . Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. . . ." Navarro Savings Ass'n v. Lee, 446 U.S. 458, 460 (1980). The Fourth Circuit applied this principle in a series of cases in which it held that the citizenship of an administrator of an estate appointed solely to prosecute a wrongful death claim should be disregarded for diversity purposes. See Messer v. American Gems, Inc., 612 F.2d 1367 (4th Cir. 1980); Bishop v. Hendricks, supra; Miller v. Perry, 456 F.2d 63 (4th Cir. 1972); Lester v. McFaddon, 415 F.2d 1101 (4th Cir. 1969).[2] In so holding the Fourth Circuit emphasized that a party must have a "stake in the litigation" in order to be considered a "real or substantial," as opposed to a "nominal or formal," party.

---

[2]Since these cases were decided, 28 U.S.C. §1332(c)(2) has been amended to provide that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." In enacting this amendment, Congress gave no indication that it intended to make the general principle that nominal parties shall be disregarded for diversity purposes applicable solely in the context of estates.

In this case Mealey has no stake in the litigation at all. It is undisputed that he faces no personal liability for the claims asserted by plaintiffs and that he holds no residual assets for Team Chevrolet. As a functional matter, he is no more than a conduit through which the lawsuit is being passed for the purpose of triggering any insurance coverage that Team Chevrolet may have maintained against claims of the kind asserted by plaintiffs.

Defendants distinguish Messer and its progenitors on two grounds. First, they point out that in those cases the beneficiaries whose citizenship was deemed to control were alive whereas under Maryland law courts have characterized a corporation whose charter has been forfeited as "a non-entity," "a lifeless corpse," and "totally non-existent." Psychic Research & Dev. Inst. of Md. v. Gutbrodt, 46 Md. App. 21, 25, 415 A.2d 611, 615 (1980); President & Directors of Georgetown College v. Madden, 505 F. Supp. 557, 602 (D. Md. 1980). As a matter of abstract logic, it may seem somewhat odd to give continuing vitality to the citizenship of a corporation that no longer legally exists. In practice, however, it would be more odd to make dispositive for purposes of determining diversity jurisdiction the citizenship of a surviving director-trustee who is not named as the party defendant and who has no personal interest in the litigation.

The second distinction defendants draw is that in the Fourth Circuit cases the administrator played no role in directing the litigation. Here, Mealey has submitted an affidavit stating that he is handling all matters related to the defense of this suit, that he has selected the counsel representing Team Chevrolet, and that he is personally paying all legal fees associated with the defense of the suit. Plaintiffs assert that in taking these actions Mealey has been acting merely as a volunteer since he faces no personal liability as to the claims asserted by plaintiffs. I am not sure this is so. As a director-trustee, Mealey may have fiduciary responsibilities to claimants and/or contractual duties to Team Chevrolet's insurers to process suit papers, identify

possible insurance coverage, and protect Team Chevrolet's interests until any issues pertaining to insurance coverage have been resolved. If these obligations do exist, however, performance of them does not give Mealey any interest in the outcome of this litigation itself. It makes no difference to him whether plaintiffs or defendants ultimately prevail. Rather, he is simply acting to protect himself against any ancillary litigation that might be instituted in the event that he were to fail to perform any duties which he is under.

American Nat'l Bank of Jacksonville v. Jennings Dev., Inc., 432 F. Supp. 151 (M.D. Fla. 1977), and Garbutt v. Southern Clays, Inc., 844 F. Supp. 1551 (M.D. Ga. 1994), two cases I cited in passing in footnote three of my original memorandum opinion, do on their face support defendants' position. In American National Bank, the court found that the citizenship of the director-trustee of a director corporation was controlling for jurisdictional purposes. The court based its holding upon a finding that (1) the director-trustee was "the only active participant to defend the action, and (2) to satisfy a possible judgment against the corporation." 844 F. Supp. at 1553 (citation omitted). For the reasons I have stated, this is not the situation presented here.[3]

In rejecting defendants' contention, I recognize that the rule they advocate would have the virtue of establishing a bright-line test for determining the existence of diversity jurisdiction in cases such as this: the citizenship of the director-trustee would be dispositive. However, the overriding principle that the Supreme Court has held to be governing - that an inquiry be made to determine whether a party whose citizenship affects diversity is a "real and substantial" party to the controversy - makes a bright-line test impossible. In analyzing the analogous question whether the state in which a defunct corporation last had its principal place of business should be considered in determining diversity, the Fourth Circuit recently concluded that each case must be

---

[3] Garbutt followed the reasoning of American National Bank on slightly different facts.

decided on its specific facts. Athena Automotive, Inc. v. Vigregorio, 166 F.3d 288, 291 (4th Cir. 1999). The facts presented here dictate that the motion to remand be granted.

Date: *November 29, 2000*

J. Frederick Motz
United States District Judge